RE: OKLAHOMA PERSONAL PROPERTY TAXATION
THIS WILL ACKNOWLEDGE RECENT CORRESPONDENCE FROM BOTH OF YOU WHICH APPEARS, ON THE SURFACE, TO PERTAIN TO CONCERNS OF THE SAME UNHAPPY CONSTITUENT ABOUT THE ADMINISTRATION OF PERSONAL PROPERTY TAX LAWS IN OKLAHOMA COUNTY. BECAUSE OF THE SIMILAR SUBJECT MATTER OF BOTH INQUIRIES AND BECAUSE OF A NEED TO CONSERVE SCARCE LEGAL RESOURCES, I AM TAKING THIS OPPORTUNITY TO ADDRESS YOUR CONCERNS IN THIS LETTER. SENATOR HERBERT'S LETTER ATTACHED PREVIOUS CORRESPONDENCE BETWEEN THIS OFFICE AND A MR. LARRY PINION; REPRESENTATIVE BASTIN'S LETTER REQUESTING THIS OFFICE TO ISSUE AN OFFICIAL OPINION ADDRESSING THE FOLLOWING QUESTION:
 IS OKLAHOMA'S PERSONAL PROPERTY TAXATION SCHEME UNCONSTITUTIONAL ON THE BASIS THAT SUCH TAXATION SCHEME UNLAWFULLY DISCRIMINATES AGAINST CERTAIN PERSONS?
THE QUESTION POSED BY REPRESENTATIVE BASTIN, AND THE CONCERNS WHICH MR. PINION HAS ASKED THIS OFFICE, THROUGH BOTH OF YOU, TO ADDRESS ARE NOT SUSCEPTIBLE OF TREATMENT IN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL FOR SEVERAL REASONS, ADDRESSED HEREINBELOW.
FIRST, AND MOST IMPORTANT, THIS OFFICE CANNOT MAKE AN ASSESSMENT, IN AN OFFICIAL OPINION OR OTHERWISE, OF THE CONSTITUTIONALITY OF OKLAHOMA'S PERSONAL PROPERTY TAXATION SCHEME. IT IS OBVIOUS FROM REVIEWING MR. PINION'S CORRESPONDENCE TO MR. GEORGE C. KEYES, COUNTY ASSESSOR FOR OKLAHOMA COUNTY, THAT HIS COMPLAINT IS THAT THE PERSONAL PROPERTY TAX ASSESSMENT IS ARBITRARY AND CAPRICIOUS. THIS IS ESSENTIALLY A COMPLAINT NOT THAT THE TAX IS UNCONSTITUTIONAL ON ITS FACE, BUT IS UNCONSTITUTIONAL AS APPLIED IN OKLAHOMA COUNTY, WHICH IS A DETERMINATION THAT CANNOT BE MADE PURELY AS A MATTER OF LAW, WHICH IS THE STATUTORY LIMITATION ON THE SCOPE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. SEE, 74 O.S. 18B(E) (1989). THE ATTORNEY GENERAL HAS NO MEANS OF MAKING THE DETAILED EVIDENTIARY INQUIRY THAT WOULD BE NECESSARY TO DETERMINE WHETHER OR NOT THE PERSONAL PROPERTY TAX SYSTEM WAS BEING APPLIED IN AN UNCONSTITUTIONAL MANNER IN OKLAHOMA COUNTY OR ELSEWHERE.
FURTHERMORE, EVEN IF SUCH A FACTUAL DETERMINATION BY THE ATTORNEY GENERAL WERE POSSIBLE, IT COULD NOT BE LIMITED TO OKLAHOMA COUNTY INASMUCH AS THE APPLICATION OF THE PERSONAL PROPERTY TAX STATUTES MAY WELL VARY FROM COUNTY TO COUNTY ACROSS THE STATE. GIVEN THE NATURE OF YOUR INQUIRY, THE FACTUAL DIFFERENCES IN APPLICATION OF PERSONAL PROPERTY TAX ASSESSMENT WOULD BE THE KEY FACTOR IN DETERMINING THE LEGALITY OF THE ENTIRE TAXATION "SCHEME."
I SHOULD MENTION, HOWEVER, THAT THE LEGAL EFFECTIVENESS OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS RAPIDLY DIMINISHING. AS YOU ARE PROBABLY AWARE, IN A 1984 CASE, YORK V. TURPEN, 681 P.2D 763 (OKLA. 1984), THE OKLAHOMA SUPREME COURT HELD THAT AN OPINION OF THE ATTORNEY GENERAL STATING THAT AN ACT OF THE LEGISLATURE IS UNCONSTITUTIONAL IS ADVISORY ONLY AND NOT BINDING UPON STATE OFFICERS UNTIL FINALLY SO DETERMINED BY AN ACTION IN AN APPROPRIATE DISTRICT COURT. MORE RECENTLY, IN A CASE PRESENTLY PENDING ON REHEARING, THE OKLAHOMA SUPREME COURT HAS IMPLIED THAT ATTORNEY GENERAL OPINIONS EVEN ON NON-CONSTITUTIONAL ISSUES, ARE ADVISORY ONLY. SEE, BRANCH TRUCKING CO. V. OKLAHOMA TAX COMMISSION, 61 O.B.J. 1058 (APRIL 21, 1990) (REHEARING PENDING). EVEN IF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL HAS A BINDING LEGAL EFFECT, ANY OPINION FROM THIS OFFICE WHICH DID NOT ACCOUNT FOR DIFFERENT ASSESSMENT PRACTICES IN DIFFERENT COUNTIES WOULD CREATE CONFUSING AND POTENTIALLY CONFLICTING LEGAL STANDARDS FOR COUNTY ASSESSORS IN DIFFERENT COUNTIES, A RESULT WHICH WOULD SERVE NO USEFUL PURPOSE.
I KNOW IT MUST BE FRUSTRATING FOR PERSONS LIKE MR. PINION WHEN THEY ARE UNABLE TO HAVE THEIR COMPLAINTS ABOUT STATE AND LOCAL GOVERNMENT RESOLVED BY THE ATTORNEY GENERAL; HOWEVER, THERE ARE SEVERE LIMITS INHERENT IN THE LEGAL STRUCTURE AND FUNCTION OF THIS OFFICE WHICH MAKE THAT RESULT UNAVOIDABLE ON OCCASION. IT IS ALSO DIFFICULT WHEN IT IS APPARENT THAT A QUESTION CANNOT BE FRAMED IN A WAY THAT SEPARATES SUFFICIENTLY THE LEGAL AND FACTUAL ISSUES NECESSARY TO PERMIT US TO ADDRESS THE LEGAL QUESTIONS ONLY IN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, BUT THAT APPEARS EMPHATICALLY TO BE THE CIRCUMSTANCE WE ARE CONFRONTED WITH HERE. IF YOU BELIEVE WE CAN FIND SOME WAY TO ADDRESS YOUR CONCERNS WITHIN THE STATUTORY PARAMETERS WITHIN WHICH THIS OFFICE MUST OPERATE, I WOULD BE HAPPY TO DISCUSS YOUR CONCERNS FURTHER WITH EITHER OR BOTH OF YOU. I REGRET THAT WE CANNOT BE OF MORE ASSISTANCE TO YOU IN ADDRESSING MR. PINION'S PROBLEMS.
(NED BASTOW)